UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE J. JOHNSON,

    Plaintiff,

v.                                        CASE NO. 8:04-CV-968-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her disability insurance benefits ("DIB").[1] Essentially, she argues the Administrative Law Judge ("ALJ") erred by 1) not according substantial weight to her treating doctor; 2) discrediting her testimony and failing to properly evaluate her pain; 3) posing an incomplete hypothetical to the vocational expert; 4) failing to properly consider her husband's testimony; and 5) failing to consider the side effects of her medications on her ability to work. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend that the complaint be dismissed and the Commissioner's decision affirmed.

*Background*

Plaintiff was 35 years old at the time of her administrative hearings on June 2, 2001, July 10, 2001, and August 24, 2001. She has a high school education and work experience as a video store

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 7).

1

cashier.[2] Plaintiff alleges disability due to depression and low back pain.

Plaintiff initially filed for DIB on November 23, 1999, alleging a disability onset date of May 27, 1999. Her application was denied both initially and upon reconsideration. Plaintiff subsequently exhausted her administrative remedies and filed suit in federal district court. This case is now ripe for review.

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the

---

[2] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this order. (R. 21-24).

2

ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal. *Keeton,* 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. Treating doctors' opinions*

Plaintiff generally asserts that the ALJ erred in failing to accord substantial weight to her treating doctors' opinions, though she fails to specify which treating doctor(s) and which opinions

3

the ALJ mis-evaluated. She says only that the ALJ gave more weight to the consultative doctor's opinions than he did to the treating doctors. In response, the Commissioner notes that the ALJ may properly reject a treating doctor's opinion that is too brief or conclusory, lacks persuasive weight or is unsubstantiated by the laboratory findings. *See Hudson v. Heckler,* 755 F.2d 781, 784 (11th Cir. 1985). And the regulations indicate that the ALJ should consider factors such as the length of the treatment, the nature and extent of the treatment, and the extent to which the doctor's opinions are supported by medical signs and laboratory findings. *See* 20 C.F.R. § 404.1527(d).

Here, the ALJ reviewed the medical evidence and found statements by Dr. Ledoux-Coton that Plaintiff's low back pain had resolved, that her migraine headaches had improved with Ultram, and she may work full-time. (R.23) The ALJ incorporated the lifting restrictions Dr. Ledoux-Coton placed on Plaintiff into his RFC assessment. The ALJ recognized that there was very little medical evidence concerning mental health treatment. He addressed the physical and mental assessment forms Plaintiff's counsel submitted, indicating he found them unreliable in light of the medical evidence. *See* R. 23. These assessments were not from treating sources and are not entitled to great weight, however, the mental assessment indicates Plaintiff may not need a psychiatric evaluation, and found her markedly limited only in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. *See* Exhibit 22F, R. 320. The physical assessment was inconsistent with Dr. Ledouz-Coton's opinions summarized above.

Because Plaintiff submitted little or no evidence concerning mental health treatment and because she appeared very emotional at the administrative hearings, the ALJ ordered a psychological consultation. After examining the Plaintiff, the mental health consultant, Dr. Steven Kanakis, noted that Plaintiff stated her depression was controlled by Celexa and that she was able to care for herself,

4

her home, and her two young children which she home schools. He opined that she suffers from major depressive disorder brought under good control by her medication, that her prognosis is good with continued treatment, and she is not at risk of suffering decompensation in a work setting. Accordingly, after consideration, I find Plaintiff's argument that the ALJ failed to accord proper weight to the opinions of her treating doctors' without merit. The ALJ accorded appropriate weight to the treating sources and his decision to deny benefits is supported by substantial evidence.

*2. ALJ's credibility finding supported by substantial evidence*

According to the Plaintiff, the ALJ erred in finding that she was not a credible witness and improperly applying the Eleventh Circuit's pain standard. In response, the Commissioner asserts that the ALJ did in fact properly evaluate Plaintiff's subjective complaints as required by this circuit and did not err in finding Plaintiff's testimony less than reliable. I agree with the Commissioner. The ALJ, in assessing Plaintiff's credibility as required by the Eleventh Circuit's pain standard, found that her complaints of pain inconsistent with the medical records and doctor's reports. For instance, the ALJ noted that few complaints in the medical records since 1997 regarding migraine headaches and referred to Dr. Ledoux-Coton's comment that the headaches responded well to Ultram. He also noted that the medical evidence from November 1997 showed resolution of her low back pain and no subsequent medical records indicate serious back pain. The ALJ opined that the objectively determined medical conditions – back pain and depression– were not of such a severity to reasonably expect the alleged pain and other subjective complaints.

The ALJ has the discretion to discredit a claimant's subjective complaints as long as he provides "explicit and adequate reasons" for his decision. *Holt v. Sullivan*, 921 F.2d 1221, 1223

(11th Cir.1991). In addition to finding Plaintiff's subjective complaints unsupported by the objective medical evidence, the ALJ found Plaintiff's testimony at odds with the testimony of her husband and the consultative psychologist. Although the Plaintiff testified she is unable to care for her own personal needs, she later told the consultant that she spends her typical day cooking, driving, cleaning her home, home-schooling her five and six year old children. Her husband testified that he helps with the children when he is home, and the Plaintiff cares for and teaches the children when he is at his full-time job during the day. After consideration, I find the ALJ's credibility determination is supported by substantial evidence.

Plaintiff also argues in her memorandum of law that the ALJ failed to consider her impairments in combination. In his written decision, however, the ALJ specifically referred to 20 C.F.R. § 404.1523, the regulation regarding evaluating impairments in combination and decided Plaintiff did not have a medically severe combination of impairments and was not disabled. The ALJ sufficiently considered both Plaintiff's exertional limitations and nonexertional limitations in determining whether the Plaintiff has the residual functional capacity to work, and, correctly found her not disabled.

*3. ALJ posed a proper hypothetical to vocational expert*

Plaintiff next argues that the ALJ erred by failing to include her "various limitations" in the hypothetical posed to the vocational expert. Plaintiff fails to specify, however, any particular impairments not included, and though she seems to suggest that non-exertional impairments should have been considered, she does not indicate which non-exertional impairments were left out. In response, the Commissioner states that the ALJ asked the VE whether any jobs existed for an individual with a RFC for sedentary work given the Plaintiff's age, work experience, and

6

educational characteristics. The ALJ also asked the VE to consider that Plaintiff would need a sit/stand option with an occasional limitation on bending, stooping, crouching, and prolonged standing, and the ability to perform routine tasks in an environment without temperature extremes.

The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Given the fact that the ALJ opined that the objectively determined medical conditions – back pain and depression– were not of such a severity to reasonably expect Plaintiff's alleged pain and other subjective complaints, I find the ALJ's hypothetical appropriate.

*4. ALJ adequately considered testimony of husband*

Plaintiff asserts without any supporting reasons that the ALJ erred by not properly considering her husband's testimony. The Commissioner responds that since the spouse's testimony merely reiterates the Plaintiff's testimony and does not add any significant evidence concerning the Plaintiff's condition, the ALJ need not make a specific credibility finding with regard to it. I agree. *See Tieniber v. Heckler*, 720 F.2d 1251, 1254-55 (11th Cir. 1983) (finding ALJ's implicit rejection of former spouse's testimony).

*5. ALJ properly considered side effects of medications*

Finally, the Plaintiff asserts the ALJ erred by failing to consider the side effects of her

medications on her ability to work. Apparently, she claims the medications cause drowsiness, disorientation, constipation, and affect her memory. The Commissioner notes, however, that the ALJ did in fact address Plaintiff's side effects from medications in his written order and that the evidence failed to show any significant side effects.

Though Plaintiff testified at the administrative hearing that she suffers from side effects, the medical evidence fails to substantiate any significant side effects. Accordingly, I find the ALJ did not err in considering Plaintiff's medications' side effects.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on this 6th day of September, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record